**UNITED STATES ex rel. DONATELLO v. COMMISSIONER OF IMMIGRATION AT PORT OF NEW YORK et al.**

(District Court, E. D. New York. March 5, 1925.)

**Aliens ⟐54—Alien discharged from custody for deportation on giving of bond for his future support.**

Execution of an order for deportation of relator on the ground that he is likely to become a public charge, because of his mental condition existing at the time of his entry, suspended on condition of the giving of a bond by relatives to pay all expenses of his future support and of his care in a hospital· for the insane.

Habeas Corpus. Petition by the United States, on the relation of Michael Donatello, against the Commissioner of Immigration of the Port of New York and another for writ of habeas corpus. Writ granted on condition.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y.

James E. Lo Piccolo, of Long Island City, N. Y., for relator.

GARVIN, District Judge. The relator is before the court on a writ of habeas corpus, having been ordered deported by the Commissioner General of Immigration, on the ground that he is a person likely to become a public charge, because of a mental condition existing at the time of his entry into the United States.

Since August, 1924, the relator has been an inmate of the Central Islip Hospital for the Insane. During the hearing held in connection with the deportation proceedings, his father testified that his family was and has been at all times ready and willing to pay any bill presented for payment for the maintenance of the relator. That statement appears to have been made in good faith. In the absence of proof of bad faith, there is no reason why the court should not accept it as true. The Central Islip Hospital appears to be such an institution as will accept payment for maintenance, but, if not, the relator may be placed in some other suitable institution and supported by his family, so that he is not a public· charge. This does not seem to be the kind of case that can be cared for at home, and a suitable institution must be selected. He may continue at the Central Islip Hospital, if arrangements are made at once for the payment of arrears for maintenance now due and for his future care. In view of this conclusion, there is no necessity for the court to pass upon the question of the mental condition of the relator at the time of his entry into this country.

The writ of habeas corpus is therefore sustained, and the relator is remanded to the custody of the state authorities at Central Islip Hospital, where the relator was committed by due process of law, upon condition that a bond in a sum to be hereafter fixed is given to assure the government that the relator will not become a public charge in the future. If funds are not provided by his family or others for his support, this court will not again interfere with his deportation, and an application may be made to vacate the order sustaining the writ.

The term is continued, for that purpose, until the further order of this court.